UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY C. KASCHALK, | ) | CASE NO. 5:15-cv-1871 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| | ) | |
| RICHARD E. PARKER, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the renewed motion of defendants for judgment on the pleadings of plaintiff's amended complaint, which incorporates defendants' arguments from their motion for judgment on the pleadings of plaintiff's original complaint. (Doc. Nos. 20 and 9 (["Renewed Mot."] and ["Mot."], respectively.) Plaintiff opposed defendants' first motion (Doc. No. 15 ["Opp'n"]), but did not file an opposition to the renewed motion. For the reasons that follow, the renewed motion is granted.

I. BACKGROUND

Plaintiff Anthony Kaschalk ("plaintiff" or "Kaschalk") is a former employee of defendants Mid-Ohio Trucking, Inc. and Mid-Ohio Asphalt and Concrete, Inc. (collectively the "Mid-Ohio defendants"). Defendant Richard Parker ("Parker") was plaintiff's supervisor. Plaintiff filed a complaint on September 14, 2015, alleging that defendants violated the Fair Labor Standards Act ("FLSA") (29 U.S.C. §§ 201-219), and the Ohio Minimum Fair Wage Standards Act (Ohio Rev. Code. § 4111.01 *et seq.*), by not paying hourly, non-exempt employees minimum wage and overtime compensation. Plaintiff also alleged that he was punched by Parker

while on the job on July 17 and 23, 2014. In addition to his wage claims, plaintiff also claimed negligence, assault and battery, and intentional infliction of emotional distress. (Doc. No. 1 (Complaint ["Compl."].)

Defendants answered the complaint and filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) with respect to the non-wage claims (Doc. No. 9), contending that those claims are time-barred by Ohio's one-year statute of limitations. Defendants' pending Rule 12(c) motion was discussed at the case management conference conducted on February 8, 2016, and plaintiff was granted leave to file an amended complaint. (Minutes of proceedings, February 8, 2016.)

Plaintiff's timely filed amended complaint (Doc. No. 18 (Amended Complaint ["AC"])) contains the same factual allegations as the original complaint, and asserts eight claims: (1) failure to pay overtime in violation of federal and state law (AC ¶¶ 35-42); (2) failure to pay minimum wage in violation of federal and state law (AC ¶¶ 43-50); (3) a collective action with respect to claims 1 and 2 on behalf of: "[a]ll former and current hourly employees of [the Mid-Ohio defendants] at any time between March 20, 2013 and the present[]" (AC ¶¶ 51-56); (4) battery (AC ¶¶ 57-64); (5) assault (AC ¶¶ 65-73); (6) (numbered as Count VII in error) negligence (AC ¶¶ 74-76); (7) negligent supervision (AC ¶¶ 77-83); and (8) intentional infliction of emotional distress (AC ¶¶ 84-89).

Defendants answered the amended complaint (Doc. No. 19) and renewed their motion for judgment on the pleadings. The renewed motion seeks judgment on counts IV (battery), V

(assault), and VIII (intentional infliction of emotional distress) on the grounds that those claims are brought beyond the applicable statute of limitations. (Renewed Mot. at 115.[1])

## II. DISCUSSION

**A. Standard of Review**

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir. 2001) (citing *Grindstaff v. Green,* 133 F.3d 416, 421 (6th Cir. 1998)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 479 F.2d 478, 480 (6th Cir. 1973)). The district court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio,* 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987)). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n,* 946 F.2d 1233, 1235 (6th Cir. 1991) (citation omitted).

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

**B. Analysis**

   **1. Assault and battery claims**

Ohio Rev. Code § 2305.111(B) provides that the statute of limitations for assault and battery is one year. The statute of limitations in Ohio for bodily injury resulting from negligence is two years pursuant to Ohio Rev. Code § 2305.10, but if the bodily injury results from an assault and battery, the one year statute of limitations applies. *Leonhardt v. Strollo*, No. 1:15-CV-2507, 2016 WL 1465739, at *2 (N.D. Ohio Apr. 14, 2016) (citing *Love v. City of Port Clinton*, 524 N.E.2d 166, 167 (Ohio 1988)).

Plaintiff's amended complaint alleges that Parker physically assaulted him on numerous occasions, and that Parker punched him on July 17 and 23, 2014, after which plaintiff did not return to work for defendants. (AC ¶¶ 23-25.) Plaintiff's complaint was filed on September 14, 2015. Taking as true the dates alleged in plaintiff's amended complaint,[2] plaintiff's claims for battery (Count IV) and assault (Count V) were brought more than one year after the alleged assault and battery occurred, and are barred by Ohio's applicable statute of limitations. Thus, defendants are entitled to judgment on the pleadings with respect to Counts IV and V of the first amended complaint.

   **2. Intentional infliction of emotional distress claim**

The statute of limitations for an intentional infliction of distress claim varies depending upon the type of action from which the claim arises. The generally applicable limitations period is four years. If, however, the act underlying the intentional infliction of emotional distress claim would support another tort, the statute of limitations for that tort governs the claim for intentional

---

[2] Plaintiff's opposition to the motion is directed at the negligence claim—not the claims for assault and battery. (*See* Pltf. Opp'n.)

infliction of emotional distress. *Albiola v. Pugh*, No. 4:14CV1645, 2015 WL 1915289, at *7 (N.D. Ohio Apr. 27, 2015), *appeal dismissed* (Apr. 18, 2016) (citing *Hambleton v. R.G. Barry Corp.,* 465 N.E.2d 1298, 1302 (Ohio 1984)). "In essence, an intentional infliction of emotional distress claim is parasitic to another claim for purposes of the statute of limitations. . . . a plaintiff cannot obtain a longer statute of limitations simply by recharacterizing the fundamental nature of his claim as one of intentional infliction of emotional distress." *Id.* (citing *Manin v. Diloreti*, 641 N.E.2d 826, 827 (1994)).

Defendants contend that plaintiff's intentional infliction of emotional distress claim is based on intentional acts of offensive conduct, thus the one-year statute of limitations of Ohio Rev. Code § 2305.11 applies. (Mot. at 60-61 (citing *Vandiver v. Morgan Adhesive Co.*, 710 N.E.2d 1219, 1222 (Ohio Ct. App. 1998) ("We find that the essential nature of Vandiver's claim involves intentional acts of offensive contact.") and *Stafford v. Clever Investigations, Inc.*, No. 06AP-1204, 2007 WL 2800333, at *2 (Ohio Ct. App. Sept. 27, 2007) ("Because the essential character of the alleged tort is actual and threatened offensive contact, the one-year statute of limitations for assault and battery governs.")).) *Jones v. City of Cleveland*, No. 1:15-CV-1190, 2016 WL 1626855, at *4 n. 25 (N.D. Ohio Apr. 25, 2016) (citing *Stafford*, 2007 WL 2800333, at *2). Plaintiff's opposition to defendants' motion is silent with respect to dismissal of his claim for the intentional infliction of emotional distress.

Plaintiff alleges both that Parker punched him on July 17 and 23, 2014 (after which plaintiff did not return to work for defendants), and that "Defendant Parker routinely physically threatened and 'bullied' employees, often encouraging other employees to assault plaintiff[,]" and "defendant Parker physically assaulted employees on numerous occasions, including the Plaintiff." (AC at ¶¶ 22-23.) Incorporating the factual allegations of the complaint into his

5

infliction of emotional distress claim (Count VIII), plaintiff alleges that "Defendants intended to cause Plaintiff emotional distress when they repeatedly ridiculed and bullied plaintiff. Defendants should have known that such conduct would result in serious emotional distress." (AC ¶ 85.)

While Count VIII does not directly reference the alleged physical assaults on July 17 and 23, 2014 as the source of plaintiff's emotional distress claim, plaintiff does reference bullying which, according to the amended complaint, involved threatened or actual offensive physical contact. (AC ¶¶ 22-23.) Thus, the one-year statute of limitations of Ohio Rev. Code § 2305.11 applies, and plaintiff's intentional infliction of emotional distress claim, like his claims for assault and battery, are also barred. *Jones*, 2016 WL 1626855, at *4 ("Plaintiff's assault and battery claims therefore underlie Plaintiff's infliction of emotional distress claims. As a result, Ohio's one-year statute of limitations for assault and battery applies.")

### III. CONCLUSION

For all of the foregoing reasons, defendants' motion for judgment on the pleadings (Doc. No. 20) is granted, and counts IV (battery), V (assault), and VIII (intentional infliction of emotional distress) are dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: July 11, 2016

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**